UNITED STATES COURT OF APPEALS
FOR THE
ELEVENTH CIRCUIT

---

CASE NO. 12-14726-D

2002 IRREVOCABLE TRUST FOR RICHARD C. HVIZDAK, a legal trust, 2007 RICHARD C. HVIZDAK SEPARATE TRUST, a Delaware trust, RCH TRUST HOLDINGS I, LP, a Delaware limited partnership,

Appellants

v.

SHENZHEN DEVELOPMENT BANK, CO. LTD.

Appellee

_____

ON APPEAL FROM JUDGMENT ENTERED IN
THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
AT NO. 08-cv-556

_____

**INITIAL APPELLANTS BRIEF**
_____

| | |
|---|---|
| On the Brief:<br>    Michael T. Moore, Esq.<br>    Scott A. Wagner, Esq. | Scott A. Wagner, Esq.<br>MOORE & COMPANY, P.A.<br>Attorney for Appellants<br>355 Alhambra Circle #1100<br>Coral Gables, Florida 33134<br>(786) 221-0600 |

.

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellants certify that the following persons and entities have an interest in the outcome of this case:

1. 2002 Irrevocable Trust For Richard C. Hvizdak

2. 2007 Richard C. Hvizdak Separate Trust

3. Foshan Poly Marine Engineering Co., Ltd.

4. Honorable Charlene Edwards Honeywell, United States District Judge for the Middle District of Florida

5. Hvizdak, Richard C.

6. Moore & Company, P.A.

7. Moore, Michael T.

8. RCH Trust Holdings I, LP

9. Shenzhen Development Bank, Co. Ltd.

10. Wagner, Scott A.

## STATEMENT REGARDING ORAL ARGUMENT

Because "oral argument is the absolutely indispensable ingredient of appellate advocacy" Appellants request oral argument because it will assist the Court in a resolution of the issues presented by this appeal. (J. Brennan, *Harvard Law School Occasional Pamphlet*, Number Nine 22-3 (1967)).

## TABLE OF CONTENTS

Certificate of Interested Persons and Corporate Disclosure Statement.   C-1

Statement Regarding Oral Argument……………………………....   i

Table of Contents…………………………………………..............   ii

Table of Citations......…………………………….........................   iii

I.   Subject Matter and Appellate Jurisdiction..................................   1

II.   Statement of the Issue on Appeal................................................   1

III.   Statement of the Case……..........................................................   1

IV.   Standard of Review.....................................................................   3

V.   Statement of the Facts……..........................................................   3

Analysis........................................................................................   4

Conclusion....................................................................................   5

Certificate of Compliance……………………….................….....   6

Certificate of Service…………………………………….…........   7

# TABLE OF CITATIONS

Adeduntan v. Hosp. Auth.,
249 Fed. Appx. 151 (11th Cir. 2007).................................................... 1

Atlanta Journal & Constitution v. City of Atlanta Dep't
of Aviation, 442 F.3d 1283, 1287 (11th Cir. 2006).............................. 3

Clinkscales v. Carver, 22 Cal.2d 72 (1943)(J. Traynor)....................... 5

Jaffe v. Bank of Am. Corp., N.A.,
399 Fed. Appx. 535 (11th Cir. 2010)..................................................... 5

28 U.S.C. §1332.................................................................................. 1

Florida Statute §675.109...................................................................... 5

Florida Statute 675.111(5).................................................................... 1,2,4,5

I.      **SUBJECT MATTER AND APPELLATE JURISDICTION**

The underlying proceeding involved a $5,000,000.00 dispute between Delaware Plaintiffs and a Chinese Defendant; subject matter jurisdiction was properly predicated upon 28 U.S.C. § 1332.

The prevailing Defendant moved for Attorneys' Fees and Costs under Florida Statute 675.111(5) and the District Court issued its analysis at R-228 and rendered its Judgment on August 13, 2012. (R-231).  Appellants timely filed their Notice of Appeal on September 10, 2012.  (R-232).

Jurisdiction in this Court is predicated upon 28 U.S.C. § 1291, which grants the Court of Appeals jurisdiction from all final decisions of the District Courts of the United States.  *Adeduntan v. Hosp. Auth.*, 249 Fed. Appx. 151 (11th Cir. 2007).

II.     **STATEMENT OF THE ISSUE ON APPEAL**

Whether the Appellants sought a remedy under Florida Statute Chapter 675, thereby triggering entitlement an award of attorneys' fees under Florida Statute 675.111(5) to prevailing party SDB.

III.    **STATEMENT OF THE CASE**

On July 15, 2008, Plaintiffs initiated its action by filing a Complaint (R-1) against, amongst other Defendants, Shenzhen Development Bank, Co., Ltd. (hereinafter "SDB").  The gist of the Plaintiffs' Complaint centered on

1

allegations that the Letter of Credit the Plaintiffs applied for (and which was ultimately issued by their Bank) was procured and used fraudulently by a yacht manufacturer and its Lender SDB in a transaction to facilitate and secure financing for the construction of two motoryachts ordered by the Plaintiffs. Instead of using the financing for the construction of the two yachts, the yachts were never constructed. The Plaintiffs sought to hold the lender and beneficiary to the Letter of Credit, SDB, accountable for knowing yet not disclosing material facts about the yacht manufacturer's intent to defraud.

On March 26, 2010, the District Court entered an Order of Summary Judgment in favor of SDB and on March 29, 2010, a Final Judgment disposing of all claims of all parties. (R 185, 187). Plaintiffs appealed and on June 3, 2011, this Court entered its Final Order and Judgment affirming the District Court's award of summary judgment.

SDB moved the District Court for attorneys' fees and costs. The parties briefed the District Court on the issues. (R-193, 199, 203, 207, 218, 219, 220, 221, 223, 224). The sole basis for entitlement to fees and costs arose out of Florida Statute 675.111(5). Appellants argued to the District Court that Florida Statute 675.111(5) should not apply because the Appellants did not seek a remedy under Chapter 675. The District Court

2

disagreed and issued an Order granting fees and costs to the Defendant-Appellee in a total amount of $434,036.90. (R-230, 231). Appellants timely filed their Notice of Appeal on September 10, 2012. (R-232).

## IV.    STANDARD OF REVIEW

This Court reviews a district court's order of attorneys' fees and costs for abuse of discretion, reviewing questions of law *de novo* and findings of fact for clear error. *Atlanta Journal & Constitution v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1287 (11th Cir. 2006).

## V.    STATEMENT OF THE FACTS

1. Plaintiffs initially filed their Complaint on July 15, 2008. (R-1).

2. Along with their Complaint, the Plaintiffs filed a Motion for a Temporary Restraining Order. (R-2).

3. Subsequently, Plaintiffs filed a Motion for Injunctive Relief asking the Court to enjoin their issuing bank from making payment on a Letter of Credit to the Beneficiary Shenzhen Development Bank. (R-47).

4. The parties engaged in expedited discovery in anticipation of the injunction hearing which took place on or about October 31, 2008. (R-49).

5. At the close of the hearing, the District Court suggested the parties meet and confer to see whether they could resolve the issue of injunctive relief. (R-60).

6. On or about November 5, 2008, the parties agreed to resolve any and all issues with regard to the injunctive relief. (R-60).

7. The District Court thereafter ordered all relief regarding the injunction moot. (R-61).

8. The details of the agreement reached by the parties allowed the Plaintiffs to sue for money damages at common law instead of statutory remedies under Florida Chapter 675. (R-61, R-102).

9. Plaintiffs thereafter filed their Amended and Second Amended Complaints asking for money damages at common law. (R-102, at ¶ 69).

## ANALYSIS

Florida Statute § 675.111(5) states: "Reasonable attorney's fees and other expenses of litigation must be awarded to the prevailing party in an action ***in which a remedy is sought under this chapter***."  (emphasis added). There is no dispute SDB was the prevailing party. However, after resolving the issues of injunctive relief, Plaintiff never sought a remedy – injunctive or otherwise – under Chapter 675.  Instead of exercising its option for statutory

4

remedies under Chapter 675, Plaintiff elected *common law* remedies instead, i.e. for damages as a result of fraud against the Beneficiary of the Letter of Credit. There is no remedy under Chapter 675 for such relief and none was sought. See Chapter §675.101-675.1181.

Under the plain language of Fla. Stat. § 675.111(5), reasonable attorneys' fees and the expenses of litigation must be awarded to a prevailing party, **_but only_** where such a "remedy was sought under chapter 675." *Jaffe v. Bank of Am. Corp., N.A.*, 399 Fed. Appx. 535 (11th Cir. 2010). Thus, because a remedy was never sought under Florida Statute Chapter 675, the District Court erred in awarding reasonable attorneys' fees and litigation expenses to SDB, the prevailing party, under Fla. Stat. § 675.111(5).[1]

## CONCLUSION

Because Florida Statute 675.111(5) requires fees be awarded to a prevailing party only where a remedy is sought under Chapter 675 and because Appellants did not seek a remedy under Chapter 675, the District Court erred in entitling prevailing party SDB to fees and costs. This Court should reverse the District Court's judgment on this issue and render judgment in favor of the Appellants.

---

[1] While the Appellants did ask the District Court to apply a standard of care from Florida Statute §675.109 to determine whether common law fraud occurred, such an action does not equate to seeking a remedy under that Chapter 675. *Clinkscales v. Carver*, 22 Cal.2d 72 (1943)(J. Traynor).

5

## CERTIFICATE OF COMPLIANCE WITH RULE 32(A)

1. This brief complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B) because this brief contains 1006 words, excluding the parts of the brief exempted by Fed.R.App.P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type style requirements of Fed.R.App.P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point, Times New Roman.

Dated: November 20, 2012

_____
Scott A. Wagner, Esq.
FL Bar No. 10244
Attorneys for Appellants
Moore & Company, P.A.
355 Alhambra Circle, Suite 1100
Miami, FL 33134
(786) 221-0600 Telephone
(786) 221-0601 Facsimile
Email swagner@moore-and-co.com

## CERTIFICATE OF SERVICE

In accordance with FRAP 25(d), I hereby certify that on November 20, 2012, a true and correct copy of the foregoing Initial Appellants Brief was mailed overnight via Federal Express to the Clerk, 11th Circuit, United States Court of Appeals.

*[signature]*

Scott A. Wagner, Esq.
FL Bar No. 10244
Attorneys for Appellants
Moore & Company, P.A.
355 Alhambra Circle, Suite 1100
Miami, FL 33134
(786) 221-0600 Telephone
(786) 221-0601 Facsimile
Email swagner@moore-and-co.com